Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7193 | **DATE** | 10/25/2011 |
| **CASE TITLE** | Steven Sullivan (B-73740) v. Officer Deferville, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court assesses an initial partial filing fee of $3.53. The trust fund officer at Plaintiff's place of confinement is authorized to deduct the initial fee from Plaintiff's trust account and to continue making deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Dixon Correctional Center and to issue summons for Defendants Chicago Police Officers Deferville and Diaz (#14421). The United States Marshals Service is appointed to serve these Defendants. No summonses shall issue for the unknown officers until their identities are known. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions.

■ **[For further details see text below.]**                                                    Docketing to mail notices.

---

## STATEMENT

Plaintiff Steven Sullivan, Dixon Correctional Center inmate #B-73740, has filed this civil rights 42 U.S.C. § 1983 action against Chicago Police Officers Deferville, Diaz and three unknown officers. Plaintiff alleges that, on December 4, 2009, Deferville and Diaz arrested Plaintiff knowing that there was no probable cause. When Plaintiff was taken to a police station, he was handcuffed to a ring on the wall. While handcuffed, Deferville and three unknown officers punched, kicked, and beat Plaintiff.

The court finds that Plaintiff is unable to prepay the filing fee and grants his motion to proceed *in forma pauperis*. The court assesses an initial partial filing fee of $3.53. The trust account officer at the place of Plaintiff's confinement is directed to deduct this amount from Plaintiff's prison trust account, when such funds are available. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for this filing fee obligation, and Dixon officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

This court has conducted a preliminary review of the complaint under 28 U.S.C. § 1915A. The allegations stated above indicate that Plaintiff has asserted colorable claims of false arrest against Officers Deferville and Diaz and excessive force against Deferville and the three unknown officers. Summonses shall issue for Deferville and Diaz, but not for the unknown officers until their identities are known. Once an attorney enters an appearance for either Deferville or Diaz, Plaintiff must forward discovery requests to the attorney seeking the names of the other officers. Upon learning their names, Plaintiff may seek to substitute them for the unknown officers. Plaintiff's failure to attempt to learn the officers' names may result in the dismissal of the claims against these officers.

**(CONTINUED)**

| | isk |
|---|---|

| STATEMENT (continued) |
| --- |

Plaintiff is further advised that the limitations period for his claims is two years from the date of the incident giving rise to his claims, and that not identifying the officers by name before the expiration of the limitations period may result in the claims against them being time-barred and dismissed. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342, 344 (7th Cir. 1996) (personal injury claims in Illinois have a limitations period of two years, and substituting the actual name for an unknown defendant does not relate back to the filing date of a complaint).

The clerk shall issue summonses for service of the complaint on Chicago Police Officers Deferville and Diaz (#14421). The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary to serve them shall be sent by the Marshal to Plaintiff. Plaintiff's failure to complete and return the forms may result in the dismissal of the claims against the named, as well as the unnamed, Defendants. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by the Plaintiff, Chicago Police officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal, and shall neither be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain waivers, the Marshal shall attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.